THORENS, INC. *v.* UNITED STATES (No. 4442)[1]

[1] C. A. D. 261.

United States Court of Customs and Patent Appeals, November 1, 1943

Barnes, Richardson & Colburn (Joseph Schwartz of counsel), for appellant.
Paul P. Rao, Assistant Attorney General (Alfred A. Taylor, Jr. and Joseph F. Donohue, special attorneys, of counsel), for the United States.

[Oral argument October 7, 1943, by Mr. Schwartz and Mr. Donohue.]

Before Garrett, Presiding Judge, and Bland, Hatfield, Lenroot, and Jackson, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification and assessment with duty of certain articles imported by appellant from Switzerland and entered at the port of New York.

They were classified by the collector as manufactures in chief value of wood and assessed with duty at 33⅓ per centum ad valorem under the provision of paragraph 412 of the Tariff Act of 1930.

Appellant protested this classification, claiming that the merchandise is dutiable at 20 per centum under paragraph 1541 (a), as modified by the Swiss Trade Agreement, T. D. 48093, or at 20 per centum under paragraph 1558 or at 27½ per centum under paragraph 372 of said Tariff Act.

Only the claims under said paragraph 1541 (a) and 372 were urged before the trial court, and therefore the claim under paragraph 1558 is considered as abandoned.

One witness testified before the trial court and a sample of the merchandise was introduced in evidence as appellant's Exhibit 1.

The Government offered no evidence.

Said Exhibit 1 is concisely described in the decision of the trial court as follows:

WALKER, Judge: The merchandise the subject of this protest is represented by exhibit 1 before us. It consists of a toilet paper distributor or roll holder designed to be hung on or set into the wall. In back of the wooden plate which forms the front of the article is attached a music-box movement so arranged that upon using the device the music-box mechanism is started and plays the popular refrain "Whistle While You Work," automatically stopping at the end. A winding key projects through the wooden plate.

Its operation was described by appellant's witness Hallock as follows:

Q. Now referring to Exhibit 1 in this case, will you please explain just how it operates.—A. Yes. That has a cylinder, what we term a cylinder musical movement inside, with what we term a trigger stopper, a spring on there. When the roll is turned the spring is actuated, releasing this little trigger, tripping it, and allowing the cylinder to revolve one complete revolution, which permits it to play a tune.

Q. Does Exhibit 1 have a top or a lid?—A. Yes; the face of it would be considered the top, and we refer to the part with the screws in as the back.

Q. Is the music produced by the vibrations of the steel teeth or comb coming in contact with the pins on the cylinder?—A. That is correct.

Q. And is the cylinder turned by a spring motor which is wound up by the key?—A. That is right.

The tariff provisions in issue read as follows:

PAR. 412. * * * manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

PAR. 1541 as modified by the Swiss Trade Agreement, T. D. 48093:

| Tariff Act of 1930 paragraph | Description of Articles | Rate of duty |
|---|---|---|
| 1541 (a) | Music boxes and parts thereof, not specially provided for_____ | 20% ad val. |

PAR. 372. * * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem * * * .

The trial court held that the music-box feature is merely "an incident to the article" and that the articles are not classifiable under said modified paragraph 1541 as "music boxes." It further held that the involved articles were not machines under the provisions of paragraph 372, and therefore overruled the protest.

Judgment was entered accordingly and appellant took this appeal therefrom.

We are in full accord with the conclusions reached by the trial court.

The article is suitable for use and designed for use only in the bathroom or lavatory, and then only when there is occasion to cperate the toilet roll. It is more than a music box.

In the case of *McLaughlin & Freeman* v. *United States*, 18 C. C. P. A. (Customs) 128, T. D. 44094, it was held on the record there before us that certain ornamental photographic pictures on glass gilded on the back thereof for the purpose of ornamentation were more than photographs and were dutiable under paragraph 218 of the Tariff Act of 1922 as articles in chief value of glass.

In its opinion the court stated:

Exhibits 1 and 2 show the articles as actually imported. These are images taken by ordinary photographic processes and transferred to sensitized glass just as occurred in the case of illustrative Exhibit A, but the glass upon which the tinted images appear has undergone a still further treatment whereby its back has been gilded with some character of substance, and the front borders have likewise been treated. This gilding process constitues no part of the photograph. We assume this treatment was for the purpose of furnishing an opaque back for the glass itself, and for ornamentation. This process has to do wholly with the glass itself and neither the frames nor the pasteboard backgrounds are involved.

It is our belief that this additional treatment of the glass renders the article more than is comprised in the dictionary definition of "photograph," as quoted in our former opinion, viz:

128

1. A picture or likeness obtained by photography.

Judge Hatfield dissented in that case upon the ground that the gilding referred to was for the purpose of finishing or improving the photographs. In his dissenting opinion he stated "If the articles in question had been so processed as to make them something other than photographs, an entirely different question would be presented."

In the case at bar the articles are clearly more than music boxes. They are, in fact, toilet roll holders in combination with music boxes.

It is true that in the case of United States v. McLaughlin & Freeman, 20 C. C. P. A. (Customs) 263, T. D. 46059, articles similar to those involved in the McLaughlin & Freeman case first above cited and quoted from were before us, and we there held upon the record then in that case that the evidence established that the gilding discussed in the first case was necessary for the finishing of the photograph and therefore they should be classified as photographs and affirmed the judgment of the trial court in so holding. We did not, however, disapprove our holding in the previous case that upon the record there presented the gilding there described was not necessary to finish the photographs, and that they were more than photographs.

In the case of United States v. Sydney Kann & Co., 20 C. C. P. A. (Customs) 77, T. D. 45702, there was involved the dutiable classification of a mechanical pencil having in the top thereof a cigar or cigarette lighter. They were claimed to be dutiable as mechanical pencils under paragraph 1550 (c) of the Tariff Act of 1930. The trial court sustained this contention and its judgment was reversed.

In our opinion we stated:

The proof in the case throws no light upon the question of whether the pencil portion or the lighter portion of the article is the dominant feature, but certainly the addition of the lighter feature adds something to the pencil and creates a combination article not specifically described in any part of paragraph 1550.

Appellant's chief reliance upon this branch of the case is a publication issued by the United States Tariff Commission in 1936 entitled "Concessions Granted by the United States in the Trade Agreement with Switzerland. Digests of Trade Data Respecting the Products Affected by the Concessions" in which publication with respect to the music boxes provided for in said agreement, it is stated:

Music boxes of the type considered here frequently have a container top or lid which may be used as a receptacle for powder puffs, jewelry, cigarettes, etc. Some very low-priced music boxes, usually operated by a hand crank, and enclosed in a flimsy case, being essentially playthings for children, are classified as toys under paragraph 1513 rather than as musical instruments under paragraph 1541 (a).

Appellant contends that this publication shows that it was the intention of the makers of the agreement to include under the term "music boxes" articles such as are here involved.

The trial court in its decision observed that "The publication in question was apparently issued after the conclusion of the trade agreement, and does not purport to have been issued by any agency which was concerned in the actual negotiation of the agreement. It therefore cannot be said to express authoritatively the intent of the parties to the agreement."

We do not find it necessary to consider this publication of the Tariff Commission for we find nothing ambiguous in the use of the term "music boxes" as used in the trade agreement.

In Webster's New International Dictionary, Second Edition, the term "music box" is defined as follows:

*music box.* A box or case containing apparatus moved by clockwork so as to play certain tunes automatically.

We do not understand that appellant's counsel claims that the term is ambiguous, but merely that the publication shows that the makers of the trade agreement intended to include in such term such articles as are here invloved.

It is elementary, as we have many times stated, that where no doubt exists as to the meaning of a term, extraneous aids must not be resorted to, for there is no need of construction where no ambiguity exists.

In the case of *Railroad Commission of Wisconsin et al.* v. *Chicago, Burlington & Quincy Railroad Co.*, 257 U. S. 563, the court said that extraneous aids "are only admissible to solve doubt and not to create it."

In the case at bar even if the publication of the Tariff Commission be considered, it at most creates a doubt where none before existed with respect to the meaning of the term "music boxes."

We find no error in the holding of the trial court that the involved articles are not "music boxes" within the meaning of that term as used in the Swiss Trade Agreement.

The second contention of appellant is that if the articles are not classifiable as music boxes under the Swiss Trade Agreement they should be classified as machines not specially provided for under the provision of paragraph 372, *supra.*

Appellant cites in support of its contention the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, in which a machine was described as "a mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion," and insists that the involved article comes within this description.

With respect to this contention in the case at bar the trial court in its decision stated:

In *United States* v. *Adler-Jones Co.*, 20 C. C. P. A. 397, T. D. 46231, a manikin with a concealed mechanism which would, by a clock work and pendulum arrange-

ment, cause the body and head to swing or rock back and forth, was held not to be a machine, notwithstanding the definition in the *Simon, Buhler & Baumann* case, *supra*, the court pointing out that the article must be considered as a whole. In the case at bar we believe the music-box feature to be incidental to the main purpose of the article and it would be somewhat anomalous to permit the mechanism in the incidental feature to govern the classification of the article taken as a whole.

We are in agreement with the view of the trial court above quoted. Appellant seeks to distinguish the case at bar from the *Adler-Jones Co.* case, *supra*, by pointing out that in that case we stated that the mechanism formed a small part of the article, while in the case at bar the music-box feature constitutes a large part of the article.

In our opinion in the *Adler-Jones Co.* case, *supra*, we said:

The mechanical device which causes the swinging or rocking of the body and head is but a small part of the figure and affects only a portion thereof. The article, we think, must be considered as a whole, no language of the tariff act being found which suggests any other method of treatment.

When so considered we do not think the figure meets the definition of "machine" as that term is commonly and commercially used and understood and as it was applied in the *Simon, Buhler & Baumann* case, *supra*.

It will be observed that in the quoted language we did not hold that the fact that the mechanical device was a small portion of the article controlled our decision. The important point of our decision was that the article must be considered as a whole, and we held that when so considered it did not meet the definition of a machine as that term is commonly used and understood.

So in the case at bar when the article involved is considered as a whole it does not meet the definition of a machine. The article is essentially a toilet roll holder, dedicated to that use, and combined with it is a music box designed for the entertainment of the person utilizing the toilet roll holder and operable only when the holder is manipulated by its user.

Moreover, in the case of *United States* v. *Guth Stern & Co., Inc.*, 21 C. C. P. A. (Customs) 246, T. D. 46777, we discussed at length the decision in the *Simon, Buhler & Baumann* case, *supra*, and in that discussion stated:

However, it has never been the purpose of this court to hold arbitrarily that the definition is so rigid and exact in its terms as to include any and all devices and mechanisms that may happen to be literally embraced within it An examination of numerous definitions given in the very authorities cited in the *Simon, Buhler & Baumann* case, *supra*, discloses distinctions which should be taken as matters of common knowledge.

We are satisfied that the involved articles are not machines classifiable under paragraph 372, *supra*.

For the reasons herein stated the judgment appealed from is *affirmed.*

BLAND, J. concurs in conclusion.